# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ELVER MANUEL CAMPOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:17CR41-1 |
| | ) | 1:19CV496 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Court (per United States District Judge William L. Osteen, Jr.) entered a Judgment memorializing Petitioner's convictions and two concurrent prison sentences of 210 months imposed after (A) his guilty plea to Counts Two and Three of his Superseding Indictment, which charged him with possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and being an alien found in the United States after removal without permission to return in violation of 8 U.S.C. § 1326(a), respectively, and (B) a judicial determination that enhanced penalties under 8 U.S.C. § 1326(b)(2) applied as to Count Three, because his prior removal followed his conviction for an aggravated felony. (Docket Entry 71; see also Docket Entry 25 (Superseding Indictment); Docket Entry 49 (Plea Agt.); Docket Entry 53 (Factual Basis); Docket Entry 63 (Final Presentence Investigation Report ("PSR")); Docket Entry 72 (Statement of Reasons); Docket Entry 77 (Plea Hrg. Tr.); Docket Entry 78 (Sent'g

Hrg. Tr.).)[1]  Petitioner appealed (Docket Entry 73), but the United States Court of Appeals for the Fourth Circuit affirmed, United States v. Campos, 724 F. App'x 279 (4th Cir. 2018).  Petitioner then filed a Motion under 28 U.S.C. § 2255 and Memorandum in Support ("Section 2255 Motion"), asserting this lone claim: "Ineffective Assistance of Counsel for failure to validate the fact that a claimed prior conviction, which was used to enhance sentence did not exist."  (Docket Entry 82 at 3.)

To make out an ineffective assistance claim, Petitioner must show that his counsel's performance fell below a reasonable standard for defense attorneys and that prejudice resulted.  See Strickland v. Washington, 466 U.S. 668, 687-94 (1984).  "Surmounting *Strickland*'s high bar is never an easy task." Harrington v. Richter, 562 U.S. 86, 105 (2011) (internal quotation marks omitted); see also id. ("[T]he standard for judging counsel's representation is a most deferential one."); United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014) ("To meet th[e prejudice] element of an ineffective assistance claim, [the defendant] would have to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different and that the result of the proceeding was fundamentally unfair or unreliable."

---

[1] Parenthetical citations refer to Petitioner's criminal case.

2

(internal quotation marks omitted)). Petitioner has not shown any such unreasonable performance and/or resulting prejudice.

In support of the instant ineffective assistance claim, the Section 2255 Motion makes the following allegations:

1) "[Petitioner] requested of counsel to confirm that the alleged conviction shown as occurring June 5, 2012, which was used to substantially increase his sentence was bogus" (Docket Entry 82 at 3; see also id. (partially quoting Docket Entry 63, ¶ 12, in regard to "'convict[ions] on June 5, 2012, in Yadkin County Superior Court . . . for the offense of Felony Possession of a Firearm by Felon, Felony Flee/Elude Arrest with Motor Vehicle, Felony Assault with a Deadly Weapon, Felony Possession of a Stolen Firearm, and Misdemeanor Driving While License Revoked'"));

2) "[Petitioner] tried to find out why he was alleged to have committed the above described offense [sic] as his attorney dropped the ball and failed to check this out" (id.; see also id. ("It was not [Petitioner's] job to search for the facts in this. Counsel was informed of the error and failed to do her job."));

3) "[t]wice the clerk or [sic] Yadkin Superior Court confirmed that there is no record whatever of the alleged arrest and conviction" (id. (citing id. at 9-11 and also referring to id. at 12); see also id. at 4 ("In attachments hereto is a copy of the letter dated in January of [2019, which Petitioner sent and received back with a hand-written response thereon,] ask[ing] the

3

Clerk in Yadkin County again how it is that the prosecutor/Government made this claim and the Clerk of Yadkin County again searched and found nothing: 'I do not find any charges under this name. I tried looking several different ways with the name.'" (referring to and quoting id. at 12)));

4) "[a]s noted in the Appellee's Brief filed by the Respondent, there is no question that the claim of a prior conviction in Yadkin County is erroneous" (id. at 3; see also id. at 6 ("In Respondent's appeal brief, page 7, the bogus charge of a conviction in Yadkin County is detailed. There is no indication in the docket of the Fourth Circuit that [Petitioner's counsel] even filed a Reply Brief where she could have contested the bogus claim that [Petitioner] was convicted in Yadkin County – which allegation increased his BOL by two levels. . . . [T]he alleged conviction which resulted in a two-level increase in [Petitioner's] Base Offense Level was non-existent.")); and

5) "[Petitioner] disputed the claim that he had a prior conviction in Yadkin County" (id. at 6; see also id. ("[Petitioner] asked his attorney to object to this allegation. Nowhere in the available record – the sentencing transcript is sealed – and in the appeal, is there any mention of the bogus offense. . . . [Petitioner's counsel] argued that the sentence was more severe than needed in violation of 18 U.S.C. § 3553, but never mentioned

4

the erroneous conviction which is shown to be a fact in the attachments hereto." (referring to id. at 9-12))).

The record reveals a number of facial errors and fatal deficiencies in the foregoing allegations. As an initial matter, the PSR confirms that Petitioner's conviction on Count Two (and specifically the weight and type of drug involved therein) alone determined his offense level (without regard to his prior convictions or, in fact, any considerations related to Count Three). (See Docket Entry 63, ¶¶ 18-41; see also Docket Entry 72 at 1 (adopting offense level calculations in PSR without change); Docket Entry 78 at 3-4 (same).)[2] Next, as set out in her affidavit

---

[2] The PSR does reflect that (A) Petitioner's convictions on June 5, 2012, in Yadkin County for "Felony Flee/Elude Arrest with Motor Vehicle" and "Misd. Driving While Impaired" counted for two criminal history points (Docket Entry 63, ¶ 52), and (B) his conviction on June 5, 2012, in Yadkin County for "Felony Possession of a Firearm by Felon" counted for three criminal history points (id., ¶ 55; see also id., ¶ 53 (documenting Petitioner's convictions on June 12, 2012, in Yadkin County for "Misd. Assault with a Deadly Weapon," "Felony Possession of a Stolen Firearm," and "Misd. Driving While License Revoked," but assigning no criminal history points for them)). The addition of those five criminal history points to Petitioner's seven other criminal history points (see id., ¶¶ 46, 54, 58) moved him from Criminal History Category IV to Criminal History Category V, see U.S.S.G. Ch. 5, Pt. A (Sent'g Table) (2016) (placing defendants with seven, eight, or nine criminal history points in Criminal History Category IV and defendants with ten, eleven, or twelve criminal history points in Criminal History Category V). That move – when combined with Petitioner's Count Two-derived total offense level of 33 (Docket Entry 63, ¶ 41) – raised his advisory guideline imprisonment range from 188-235 months to 210-262 months, see U.S.S.G. Ch. 5, Pt. A (cell for offense level 33 and Criminal History Category IV versus cell for offense level 33 and Criminal History Category V).

5

filed with the Response by the United States, Petitioner's counsel "did investigate the existence of th[ose p]rior [c]onviction[s]. [She] located the aforementioned conviction[s] in Yadkin County, under the name, 'Elver Campos Bernal aka Ricardo Angeles.'" (Docket Entry 88 at 7; see also Docket Entry 63, ¶¶ 52 (documenting Petitioner's convictions on June 5, 2012, in Yadkin County Superior Court for "Felony Flee/Elude Arrest with Motor Vehicle" and "Misd. Driving While Impaired," as "charged under the alias of Elver Campos Bernal" (bold font omitted)), 53 (documenting Petitioner's convictions on June 12, 2012, in Yadkin County Superior Court for "Misd. Assault with a Deadly Weapon," "Felony Possession of a Stolen Firearm," and "Misd. Driving While License Revoked," as "charged under the alias of Elver Campos Bernal" (bold font omitted)), 55 (documenting Petitioner's conviction on June 5, 2012, in Yadkin County Superior Court for "Felony Possession of a Firearm by Felon," as "charged under the alias of Elver Campos Bernal" (bold font omitted)); Docket Entry 88 at 7 (averring that Petitioner's counsel "obtained the judgment, plea agreement, and accompanying indictments for th[ose] conviction[s] located under Yadkin County Clerk of Court Case Numbers" matching case numbers recited for convictions in Docket Entry 63, ¶¶ 52, 53, and 55, as well as that she "never contested [those convictions] because, based on [her] investigation[, they] existed in Yadkin County").)

6

The Clerk (via letter dated January 17, 2020) notified Petitioner of his "right to file a 10-page reply brief in opposition to the government's [R]esponse" (Docket Entry 89 at 1), as well as "counter-affidavits in opposition to the affidavit submitted by the government" (id.), and warned him as follows:

> Ordinarily, uncontested motions are granted. Therefore, your failure to file a reply brief or, if appropriate, to file counter-affidavits in rebuttal within the time allowed may cause the [C]ourt to conclude that the government's contentions are undisputed. As a result, the [C]ourt may dismiss your suit or render judgment against you. . . . Any reply brief or counter-affidavits must be filed within fourteen (14) days from the date of this letter.

(Id.; see also id. ("[A]ffidavits must be made on personal knowledge, contain facts admissible in evidence, and be made by one shown to be competent to testify.").) Petitioner later filed a verified Reply (see Docket Entry 91 at 3 ("declar[ing] under penalty of perjury that the statements [t]herein are true")); however, the Reply does not offer any competent evidence contesting the above-quoted averments by his counsel (see id. at 1-3).[3]

---

[3] Petitioner dated his Reply – which the Clerk docketed on February 14, 2020 (see Docket Entry 91 at 1 (bearing date-stamp)) – as "excut[ed ] on the 11 of February, 2020" (id. at 3 (fill-in-blank line omitted)), 11 days past the deadline for such filing (see Docket Entry 89 at 1), but the Court (per the undersigned Magistrate Judge) has "grant[ed Petitioner's timely] Motion to Enlarge Time for Reply, [which asked for 'an additional 14 days' (Docket Entry 90 at 1)] and [] accept[ed his] Reply as timely filed" (Text Order dated June 14, 2022; see also Docket Entry 90 at 2 (listing signature date of January 27, 2020)). Later, on February 28, 2020, the Clerk docketed another filing entitled "This
(continued...)

7

To the contrary, the Reply simply relies (like the Section 2255 Motion) on the allegation that the "letter from the Clerk in Yadkin County [] verified that they [sic] have no record of [Petitioner] being convicted there."  (Id. at 2; see also id. ("Yadkin County's own staff confirm[ed] that they show no conviction for [Petitioner].").)  That allegation (and the parallel allegation in the Section 2255 Motion quoted above) cannot sustain Petitioner's ineffectiveness claim, because the cited letter states only that the responding "Assistant Clerk" did "not see any record

───────────────

³(...continued)
Written Response is to Refute/Rebuke the Affidavit by [Petitioner's Counsel] Presented by Affidavit by of [sic] [Petitioner]" (Docket Entry 92 ("Second Reply") at 1 (standard capitalization applied)).  (See id. (bearing date-stamp).)  The Second Reply makes conflicting representations about when Petitioner signed it.  (Compare id. at 3 ("Everything that I have written herein above starting from Page One all the way to Page Three of this document is under penalty of perjury true, correct and not misleading upon this 25 day of February, 2020." (fill-in-blank line omitted)), with id. ("Pursuant to 28 U.S.C. § 1746(a)(1), I declare under penalty of perjury that the foregoing is true, correct, and complete.  Executed this 12, February, 2020.").)  Consistent with the first reported date, the envelope conveying the Second Reply lists a date of "2-26-2020" for its processing via the special mail handling system at Petitioner's prison.  (Docket Entry 92-1 at 1.)  Regardless of the actual date of the Second Reply's execution, Petitioner neither requested nor received permission to file it (out-of-time or otherwise).  (See Docket Entries dated Jan. 17, 2020, to present.)  Courts do not consider such unauthorized filings.  See, e.g., Rhiner v. Wexford Health Sources, Inc., No. 15-14332-CV, 2019 WL 6498783, at *4 (S.D. Fla. July 1, 2019) (unpublished) ("[The d]efendants['] second reply is unauthorized and is disregarded." (internal citation omitted)), recommendation adopted, 2019 WL 6498692 (S.D. Fla. July 30, 2019) (unpublished); County of Chesterfield v. Lane, No. 3:18CV354, 2018 WL 6729800, at *1 n.3 (E.D. Va. Dec. 21, 2018) (unpublished) ("Because [the d]efendants did not seek leave of [c]ourt to file the [s]econd [r]eply, the [c]ourt will not consider it.").

8

for [Petitioner] in Yadkin County <u>under the names of Elver Manuel Campos or Jose Garcia Campos</u>."  (Docket Entry 82 at 9 (emphasis added); see also id. at 10 (print-out for "NAME:  CAMPOS, ELVER, MANUEL"), 11 (print-out for "NAME:  CAMPOS, JOSE, GARCIA"), 12 (noting, in letter to Yadkin County Superior Court, Petitioner's prior request for "file regarding <u>Manuel Campos</u>" and setting out hand-written remark by unnamed person that he/she did "not find any charges under <u>this name</u>," after "looking several different ways with <u>the name</u>" (emphasis added)).)  As previously detailed, the PSR documented the convictions at issue under Petitioner's <u>alias of Manuel Campos Bernal</u> and his counsel found the convictions at issue in the records of Yadkin County Superior Court under Petitioner's <u>alias of Manuel Campos Bernal</u> (not the other names he selectively provided to the office of the Clerk of Yadkin County Superior Court, i.e., Manuel Elver Campos, Jose Garcia Campos, or Manuel Campos).  The unauthenticated documents on which the Section 2255 Motion and Petitioner's Reply both depend thus leave undisputed his counsel's sworn statement contradicting the core premise of the Section 2255 Motion's ineffective assistance claim (i.e., that Petitioner's counsel failed to investigate and to substantiate the existence of Petitioner's Yadkin County convictions).[4]

---

[4] Consideration of the Second Reply would not call for a different outcome, because it contains no competent evidence conflicting with the sworn statement from Petitioner's counsel that
(continued...)

9

Additionally, contrary to the Section 2255 Motion's assertion that "[Petitioner] disputed the claim that he had a prior conviction in Yadkin County" (Docket Entry 82 at 6), (A) the

---

⁴(...continued)
she "did investigate the existence of th[e Yadkin County p]rior [c]onviction[s]" (Docket Entry 88 at 7), that she "located th[ose] conviction[s] in Yadkin County, under the name, 'Elver Campos Bernal aka Ricardo Angeles'" (id.), and that she "obtained the judgment, plea agreement, and accompanying indictments for th[ose] conviction[s] located under Yadkin County Clerk of Court Case Numbers[ matching the case numbers listed in the PSR]" (id.). (See Docket Entry 92 at 1-3.) Rather, as with the Reply and the Section 2255 Motion, the Second Reply simply points to the previously discussed (unauthenticated) communications attributed to the office of the Clerk of Yadkin County Superior Court, which (because of their focus on other of the many names Petitioner has used when arrested) do not call into question the sworn account from Petitioner's counsel about her investigation (and confirmation) of Petitioner's prior convictions. (See id. at 2 ("I am definitely in disagreement with [my counsel] because of the charges/felonies in Jadkin [sic] County[] . . . . The evidence of the record of Jadkin [sic] records pinpoints how deficient [she] was in researching my past [p]rior's [sic] history." (appearing to refer to Docket Entry 82 at 9-12)).) Moreover, a partial print-out of North Carolina Department of Public Safety records for "Ricardo G Angeles" with other "Name(s) Of Record" including a "Committed" name of "Elver Campos Bernal" (id. at 4 (standard capitalization applied)), which Petitioner attached to the Second Reply (see id. at 4-5), verifies his convictions in Yadkin County on June 5, 2012, for "Possession of a Firearm by a Felon," "Speed Elude Arrest/Attempt/Sec," "AWDW," "Possessing Stolen Goods," "Driv License Revoked," and "DWI Level 3" (id. at 5 (standard capitalization applied)), as well as his earlier conviction in Franklin County on September 27, 2006 (id.), which the Second Reply admits Petitioner incurred (see Docket Entry 88 at 3 (Petitioner's counsel: "Your Affiant ordered documents from Franklin County . . . to verify the existence of [Petitioner's] prior conviction [there on September 27, 2006, for Felony Trafficking in Marijuana]. This conviction was listed in Franklin County under the name, 'Ricardo Geronimo Angeles.' Your Affiant reviewed this information with [] Petitioner."); Docket Entry 92 at 1 ("I will agree as well with what took place in dealing with Franklin County. And as to how [my counsel] review[ed] the information with me.").)

10

Factual Basis for Petitioner's guilty plea expressly states that "[he] was [] found in the United States and convicted on June 5, 2012 in Yadkin County for the offense of Possession of Firearm by Felon, Felony Flee/Elude Arrest with Motor Vehicle, Assault with Deadly Weapon, Felony Possession of Stolen Firearm, and Driving while License Revoked" (Docket Entry 53 at 4-5), and (B) Petitioner swore that he "ha[d ] reviewed the [F]actual [B]asis with [his counsel]" (Docket Entry 77 at 27) and that he "agree[d] with those facts" (id.), at the time of his guilty plea (see id.; see also id. at 5 (documenting administration of oath to Petitioner and his acknowledgment of its significance)). "[I]n the absence of extraordinary circumstances, . . . [the C]ourt should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict [such] sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Petitioner has not shown extraordinary circumstances which would warrant the Court disregarding his previous sworn admission of the prior convictions at issue. (See Docket Entry 82 at 1-8; Docket Entry 91 at 1-3; see also Docket Entry 92 at 1-3 (showing no such extraordinary circumstances in unauthorized Second Reply).) Accordingly, "[the C]ourt should, without holding an evidentiary hearing, dismiss [the Section] 2255 [M]otion [because it] necessarily relies on allegations that contradict [his earlier] sworn statements," Lemaster, 403 F.3d at 222.

11

Should the Court opt to look further, it would find that the record reveals even more information conclusively dispelling the allegations in the Section 2255 Motion. For example, the transcript of Petitioner's sentencing hearing – which appears on the public docket, notwithstanding the Section 2255 Motion's (false) contention that "the sentencing transcript is sealed" (Docket Entry 82 at 6) – establishes that (just as he had at his plea hearing) Petitioner again admitted to the prior convictions from Yadkin County (as documented in his PSR). (See Docket Entry 78 at 3 ("THE COURT: [Petitioner], let me ask you. Have you reviewed the [PSR] with [your counsel]? [Petitioner]: Yes. THE COURT: And do you agree with the [PSR]? [Petitioner]: Yes."); see also Docket Entry 63, ¶¶ 52 (documenting Petitioner's convictions on June 5, 2012, in Yadkin County Superior Court for "Felony Flee/Elude Arrest with Motor Vehicle" and "Misd. Driving While Impaired"), 53 (documenting Petitioner's convictions on June 12, 2012, in Yadkin County Superior Court for "Misd. Assault with a Deadly Weapon," "Felony Possession of a Stolen Firearm," and "Misd. Driving While License Revoked"), 55 (documenting Petitioner's conviction on June 5, 2012, in Yadkin County Superior Court for "Felony Possession of a Firearm by Felon").)[5]

---

[5] Furthermore, the sentencing hearing transcript memorializes extensive discussion of the above-described, prior convictions (as set out in the PSR) (see Docket Entry 78 at 23-24, 29-34); yet,
(continued...)

12

Lastly, although the Section 2255 Motion appears to allege that the brief filed with the Fourth Circuit by the United States in connection with Petitioner's direct appeal "noted" that "there is no question that the claim of a prior conviction in Yadkin County is erroneous" (Docket Entry 82 at 3), a thorough review of that brief confirms that it contains no such notation, see Appellee's Response Br. at 1-23, United States v. Campos, 724 F. App'x 279 (4th Cir. 2018) (No. 17-4776).

In sum, the record conclusively demonstrates that Petitioner's ineffective assistance of counsel claim fails as a matter of law.

**IT IS THEREFORE RECOMMENDED** that the Section 2255 Motion (Docket Entry 82) be denied, without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 16, 2022

---

[5](...continued)
when (immediately thereafter) Petitioner took the opportunity to address the Court directly, he did not retract his admission of the accuracy of the PSR's recitation of those prior convictions, but instead simply stated: "I would like to say that I'm very sorry that I've committed another offense against the laws of the United States, and this time I hope -- I plan not to cause any more problems and to stay in my country. Thank you very much, and may God bless you, Your Honor." (Id. at 36.)